IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MONTRELL K. MORRIS,

       Petitioner,       OPINION AND ORDER

 v.

                        13-cv-327-wmc

R. WERLINGER, WARDEN,
FCI-OXFORD,

       Respondent.

---

MONTRELL K. MORRIS,

       Petitioner,       OPINION AND ORDER

 v.

                        13-cv-444-wmc

R. WERLINGER, WARDEN,
FCI-OXFORD,

       Respondent.

---

  Petitioner Montrell K. Morris is currently in the custody of the United States Bureau of Prisons at the Federal Correctional Institution in Oxford, Wisconsin. He has filed two petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking relief from his conviction and sentence. For reasons set forth briefly below, both petitions must be dismissed for lack of jurisdiction.

## FACTS

  The following facts are taken from the pleadings and the electronic docket in Morris' underlying state and federal criminal cases:

In March 2011, Morris pled guilty to charges of possession with intent to distribute cocaine and resisting or obstructing an officer in Milwaukee County Case No. 10CF4781. The circuit court sentenced Morris to 15 months' imprisonment in that case.

In August 2011, a grand jury in the Eastern District of Wisconsin returned a one-count indictment against Morris, charging him with unlawful possession of a firearm as a felon in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). *See United States v. Morris*, Case No. 11-cr-175 (E.D. Wis.). On October 26, 2011, Morris pled guilty to that indictment. On February 24, 2012, the district court imposed a 46-month term of federal imprisonment to be served concurrently with his 15-month state sentence. Morris did not appeal.

On February 25, 2013, Morris filed a motion pursuant to 28 U.S.C. § 2255, asking the district court to vacate, set aside, or correct his sentence in Case No. 11-cr-175. Morris argued that he was entitled to relief for the following reasons: (1) the trial court lacked jurisdiction pursuant to the Tenth Amendment; (2) there was insufficient evidence to prove that the firearm travelled in interstate commerce pursuant to 18 U.S.C. § 922(g)(1); and (3) defense counsel provided ineffective assistance. Noting that a § 2255 petition can neither substitute for a direct appeal nor advance arguments that could have been made in that appeal, the district court denied relief and a certificate of appealability on February 8, 2013. *See Morris v. United States*, 13-cv-202 (E.D. Wis.).

Morris now seeks a writ of habeas corpus from this court under 28 U.S.C. § 2241, arguing that his conviction and sentence are invalid. In the petition that he filed in the Western District of Wisconsin Case No. 13-cv-327-wmc, Morris argues that he is

2

entitled to relief because his conviction in the Eastern District for unlawful possession of a firearm violated "the ex post facto law prohibition of Article 1, § 9, cl. 3 of the Constitution" and infringed upon "the State of Wisconsin's Tenth Amendment criminal sovereign jurisdiction to prosecute local offenses," as outlined in *Bond v. United States*, — U.S. —, 131 S. Ct. 2355 (2011). In the petition that he filed in the Western District of Wisconsin Case No. 13-cv-444-wmc, Morris contends that he is entitled to relief from his conviction and sentence in the Eastern District because an error in the Presentence Report caused that district court to miscalculate his criminal history category.

## OPINION

Morris seeks judicial review of his criminal conviction and sentence under 28 U.S.C. § 2241(c)(3), which authorizes a writ of habeas corpus where a prisoner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" Review under § 2241 is usually reserved for attacking the execution, not the imposition, of a sentence. *See Kramer v. Olson,* 347 F.3d 214, 217 (7th Cir. 2003). By contrast, "[28 U.S.C.] § 2255 is the exclusive means for a federal prisoner to attack his conviction [or sentence]." *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012); *see also Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (comparing the remedies available under §§ 2241, 2255).

Because Morris argues that his current sentence should be set aside or vacated, his petition is governed by § 2255. *See Hill*, 695 F.3d at 647. As a rule, motions of this kind must be filed with the sentencing court. *See* 28 U.S.C. § 2255(a); *Longbehn v. United*

*States*, 169 F.3d 1082, 1083 (7th Cir. 1999). In a "narrow class of cases," a federal prisoner may proceed under § 2241 if he can show that his claims fit within the "savings clause" found in 28 U.S.C. § 2255(e). *Hill*, 695 F.3d at 648; *Kramer*, 347 F.3d at 217 (citation omitted). To fit within that narrow exception, however, a prisoner must show that "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." *Id.* Morris falls well short of that showing.

The Seventh Circuit has found that § 2255 is inadequate for purposes of the savings clause when the statutory prohibition on second or successive motions would otherwise "prevent a prisoner from obtaining review of a legal theory that 'establishes the petitioner's actual innocence.'" *Kramer*, 347 F.3d at 217 (quoting *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)). To make this showing, a prisoner must demonstrate that "the legal theory he advances relies on a change in law that both postdates his first § 2255 motion . . . and 'eludes the permission in [§] 2255 for successive motions.'" *Kramer*, 347 F.3d at 217 (quoting *Davenport*, 147 F.3d at 611). None of the claims raised by Morris fit within that category.

On the contrary, all of the legal theories presented in the pending § 2241 petition were available at the time Morris filed his initial motion to vacate under § 2255. In fact, the sentencing court dismissed Morris's § 2255 motion because his legal theories could have, but were not, presented on direct appeal. *See Morris v. United States*, 13-cv-202 (E.D. Wis. March 8, 2013). Under these circumstances, Morris does not show that § 2255 was inadequate or ineffective to test the legality of his detention. *See Hill*, 695 F.3d at 649; *see also Taylor*, 314 F.3d at 835 (observing that a petitioner's prior failure to

present a constitutional claim or "theory that has long been appropriate for collateral review does not render § 2255 'inadequate or ineffective'").

Because Morris does not fit within the savings clause found in § 2255(e), he may not proceed under § 2241 and both of his pending petitions for a writ of habeas corpus must be dismissed for lack of jurisdiction.

ORDER

IT IS ORDERED that both of the petitions filed by Montrell K. Morris for a writ of habeas corpus under 28 U.S.C. § 2241 are DISMISSED for lack of jurisdiction.

Entered this 19th day of December, 2013.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge